IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

UNITED STATES OF AMERICA,                    CASE NO.1:25-mj-00730

v.

JORGE FIGUEIRA,

    Defendant.

_____/

**<u>DEFENDANT'S UNOPPOSED MOTION TO EXTEND TIME FOR INDICTMENT TO AND
INCLUDING APRIL 30, 2026</u>**

COMES NOW defendant, through his undersigned counsel and files the above motion as follows:

1. On December 23, 2025, a Criminal Complaint was sworn out in the Eastern District of Virginia by the Hon. Lindsey R. Vaala, charging the defendant with conspiracy to launder monetary instruments, in violation of 18 U.S.C. § 1956(h); concealment money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i); and sting money laundering, in violation of 18 U.S.C. § 1956(a)(3)(B). ECF No. 1, 2. On or about January 7, 2026, the defendant was arrested on these federal charges in Miami, Florida. The same day, the defendant made his initial appearance in the U.S. District Court for the Southern District of Florida. ECF No. 10 at 2-4. On or about January 13, 2026, the defendant appeared in the U.S. District Court for the Southern District of Florida, waived his identity hearing and removal hearing and, after a contested detention hearing, was ordered detained. ECF No. 10 at 2-4. On or about January 14, 2026, the U.S. District Court for the

Southern District of Florida ordered that the U.S. Marshals transport the defendant to the Eastern District of Virginia. ECF No. 10 at 62. The defendant made his initial appearance in the Eastern District of Virginia on February 24, 2026. ECF No. 14.

2. Undersigned counsel was retained and admitted pro hac vice to represent defendant.

3. The Speedy Trial Act requires that a defendant must be indicted within thirty (30) days of the defendant's arrest after subtracting all excludable time. 18 U.S.C. §§ 3161(b). Periods of delay that shall be excluded in computing the time within which an indictment must be filed include delay resulting from any proceeding relating to the removal of the defendant from another district under the Federal Rules of Criminal Procedure, § 3161(h)(1)(E), and delay resulting from the transportation of any defendant from another district, except that any time consumed in excess of ten days from the date an order of removal or an order directing such transportation, and the defendant's arrival at the destination shall be presumed unreasonable, § 3161(h)(1)(F).

4. The parties previously filed two consent motions to extend time for indictment, which the Court granted. ECF Nos. 11, 12, 18, 19. The current indictment deadline is April 16, 2026. The court previously stated that no further extensions of the indictment deadline would be granted. ECF No. 19. However, the parties now jointly request a final and brief

extension of an additional (14) days to indict.

5. This case involves numerous controlled transactions, which were conducted in Spanish, numerous financial records, including cryptocurrency records, the prior arrest of the defendant in a different jurisdiction, multiple potential co-defendants, and the resulting discovery. The discovery provided includes 1 TB of reports, photographs and recordings and other evidence and is voluminous. Extending this period of time to indict would be in the best interests of justice in that it would give defense counsel an opportunity to continue to review discovery, confer with the defendant and discuss possible pre-indictment resolutions to the case with the government.

6. Counsel has met with defendant on numerous occasions, most recently on April 13, 2026 (the detention facility was on lockdown for approximately one week prior-thus no visitation was available the previous week). The government has made a plea offer to the defendant. The parties believe that they will reach a pre-indictment plea agreement shortly and are finalizing the terms of that plea agreement. On April 13, 2026, defense counsel provided discovery to the government in an effort to continue to discuss pre-indictment plea agreement.

7. The defendant, through his undersigned counsel, hereby agrees to waive any objections under the Speedy Trial Act and to extend the United States' time to file an indictment in this

case through and including Thursday, April 30, 2026. The waiver is made knowingly, intentionally, and voluntarily by the defendant and with full knowledge of the provisions of the Speedy Trial Act, 18 U.S.C. §§ 3161, et seq., and with the advice and consent of counsel (the issue was specifically discussed on April 13, 2026).

8. The defendant expressly understands that this waiver is not predicated upon any promises, agreements, or understandings of any kind between the United States and the defendant in this case and that nothing contained herein shall be construed to preclude the United States from proceeding against the defendant during or after the time period covered by this waiver.

WHEREFORE, defendant requests that the time to indict this case be extended to and including April 30, 2026, and that the delay resulting from this extension be excluded in computing the time within which an indictment must be filed pursuant to 18 U.S.C. § 3161(h).

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by ECF upon the prosecutor, this 15th day of

5

April, 2026.

/s/ A. Wallace

_____
ARTHUR L. WALLACE, III, ESQ.
Pro Hac Vice Counsel for Defense
Florida Bar No. 769479
**Arthur Wallace**
Attorney at Law PLLC
Miami Tower-Suite 2000
100 Southeast 2nd Street
Miami, Florida 33131 U.S.A.
Phone/Text: (305) 535-9957
**Email: WallaceLawFirm@Yahoo.com**

/s/ J. Myktyiuk

_____
Jay Myktuiuk, Esq.
Va. Bar. No. 73592
Monument Legal
1100 H Street, NW, Suite 1010
Washington, D.C. 20005
Phone: (202) 670-2390
Email: cjm@monumentlegal.com